UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
            )
    Plaintiff )
            )
v.          )     05C 1059
            )
POLESTAR CAPITAL CORP. )
            )
    Defendant. )
            )

FILED FEB 2 2 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JUDGE GRADY

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

## COMPLAINT

The United States, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, brings this action for seeking a statutory receivership and a judgment against the defendant, Polestar Capital Corp. and for its cause of action states:

### Introduction

1. This is a civil action brought by the United States of America on behalf of its agency, the Small Business Administration (hereinafter, "SBA" or "Agency"), whose central office is located at 409 3rd Street, S.W., Washington, D.C. 20416.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended, (hereinafter "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687, 687c and 687(h); the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. The defendant, Polestar Capital Corp. ("Polestar" or "licensee") is a Delaware corporation whose principal place of business is located at 180 N. Michigan Ave., Chicago, Illinois 60601. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

4. The plaintiff, the Small Business Administration (hereinafter "SBA") is an Agency of the United States of America with its central office located at 409 Third Street, S.W., Washington, D.C., 20416.

### Statement of Facts and Applicable Law

5. Defendant, Polestar, (formerly known as Amoco Venture Capital Corp.) was licensed by SBA as a small business investment company ("SBIC") on December 22, 1970, SBA License No. 05/07-5083 under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the aforesaid Act and the regulations promulgated there under.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), authorizes SBA to prescribe regulations to govern the operations of SBICs under the Act and to carry out the provisions of the Act. The SBA has duly promulgated regulations implementing the Act, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (2002) (hereinafter "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

8. Section 311 of the Act 15 U.S.C. § 687c, provides that whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or

2

practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for any Injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

9. As of November 13, 2002, the Licensee was indebted to SBA in the amount of $7,890,742.59, ("the Indebtedness") which consisted of principal and accrued dividends on SBA owned preferred stock.

10. Because of a violation of the Regulations by the Licensee, SBA accelerated Licensee's indebtedness to SBA. SBA and Licensee agreed to compromise the indebtedness to $4,700,000. A payment of $2,600,000 was paid to SBA. SBA and Licensee agreed to enter into a Loan Agreement for the balance due effective December 1, 2002. The Agreement provided that Licensee would liquidate its portfolio assets in order to pay its remaining Indebtedness to SBA. The Loan Agreement is part of the Loan Documents, which consist of the Loan Agreement, the Secured Note, the Security Agreement, and the Consent Order and Judgment. A copy of the Loan Documents are attached hereto as Exhibit 1 and incorporated herein by reference.

11. The Loan Agreement provided that the Indebtedness was to be evidenced by a secured note, effective December 1, 2002, duly executed on behalf of Licensee, payable to SBA in the principal amount of $2,100,000 and having a term of 24 months. Interest accrued on the note at a rate of 3.4%. As part of the Loan Agreement, the assets of Licensee are pledged to SBA

3

pursuant to a Security Agreement. Polestar executed the note. That Secured Note is part of Exhibit 1 and incorporated herein by reference.

12. The Loan Agreement also includes a Stipulated Settlement that provides that findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are hereby waived. The Stipulated Settlement also provides that the Defendant waives any right it may have to contest the validity of the Consent Order and Judgment and that the Order may be presented by plaintiff to the Court for signature and entry notice, however, the United States will provide notice of entry to Defendant. The Consent Order and Judgment provides in part, that pursuant to the "provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Polestar and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Polestar..." The Order also provides for the entry of judgment against Polestar. John W. Doerer, President and Director of Polestar, has signed the Consent Order and Judgment. Polestar remains subject to SBA's regulations.

13. Paragraph 12 enumerates the Events of Default for the Loan Agreement and provides that if any one or more of the stated Events of Default enumerated in the agreement occur and remain uncured for a period of thirty (30) days after Licensee shall have received written notice and such default shall have remained uncured, the entire unpaid balance of the principal and interest of the Secured Note and all other obligations and indebtedness of the Licensee to SBA shall become immediately due and payable without the necessity of any demand, presentment, protest or notice upon the Licensee, all of which are expressly waived by Licensee. As a result of a default SBA may, in its sole discretion, enforce the previously signed Consent to Receivership

and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

14. By letter dated December 4, 2004, SBA informed Polestar that Polestar had failed to make payment when due pursuant to the terms of the loan agreement. Such failure constitutes an Event of Default under the terms of the loan agreement. SBA made formal demand for payment in full. Copies of the letter are attached hereto as Exhibit 2.

15. As of January 5, 2005, Polestar was indebted to SBA in the total amount of $2,249,292.19. Interest continues to accrue at the rate of $195.62 per day. A copy of the SBA Statement of Account as of January 5, 2005 is attached hereto as Exhibit 3 and incorporated herein by reference.

### Count One

### Default of a Loan Agreement

16. Paragraphs 1 through 15, above, are hereby incorporated by reference as though set for in their entirety herein.

17. As described above, Polestar has violated SBA's regulations. As a result, SBA and Polestar entered into a loan agreement and SBA agreed to restructure Polestar's indebtedness to SBA in the form of a secured note.

18. Polestar admits that it failed to pay the secured note when due which constitutes an event of default and entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Polestar.

### Count Two

### Failure to comply with terms of a written agreement

5

19. Paragraphs 1 through 15, above, are hereby incorporated by reference as though set for in their entirety herein.

20. Section 107.1810(f)(7) provides that nonperformance of any terms or conditions of any agreement with SBA will constitute an event of default with an opportunity to cure.

21. As described above, Polestar has defaulted on the loan agreement with SBA, thereby failing to perform a term and a condition of an agreement with SBA. Polestar has failed to cure this violation. This default constitutes a violation of this regulation, which entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Polestar. Polestar has consented to the appointment of SBA as receiver and to the judgment.

### Claim for Relief

WHEREFORE, PLAINTIFF PRAYS:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Polestar its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursement of defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion any or all funds or assets of the defendant, wherever located; or, (3) violating the Act and the Regulations promulgated there under;

B. That this Court determine and adjudicate Polestar's noncompliance with, and violation of the Act, and Regulations promulgated there under;

C. That this Court take exclusive jurisdiction of Polestar, and all its assets, wherever located, appoint the SBA as permanent receiver of Polestar for the purpose of liquidating all of defendant's assets and satisfying the claims of creditors therefrom in the order of priority as

determined by this Court, and pursuing all causes of action available to Polestar against third parties;

D. That this Court direct the entry of an order of judgment against Polestar for the total sum of $2,249,292.22, which consists of the outstanding obligation to SBA as of January 4, 2005, plus interest which accrues at the rate of $195.62 per diem to the date of entry of judgment and with interest as allowed by law from the date of entry of judgment;

E. That upon the Receiver's request, this Court revoke Polestar's license to operate as an SBIC.

F. That this Court grant such other and further relief as may be deemed just and equitable.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney
By: _____
Joseph A. Stewart
Assistant United States Attorney
219 S. Dearborn Street
Chicago, IL 60604-1702
(312) 469-6008

UNITED STATES SMALL BUSINESS ADMINISTRATION

By: _____
Arlene P. Messinger
Assistant General Counsel for SBIC Enforcement
Small Business Administration
409 3rd Street, S.W., 7th floor
Washington, D.C. 20416
(202) 205-6857

Attorneys for Plaintiff